# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WAHLCOMETROFLEX, INC.,

    *Plaintiff*,

vs.

                                                    Case No.  11-4017-EFM/JPO

WESTAR ENERGY, INC.,

    *Defendant*.

## MEMORANDUM AND ORDER

In this breach of contract action, Plaintiff Wahlcometroflex, Inc. ("Wahlco") and Defendant Westar Energy, Inc. ("Westar") dispute the applicability and meaning of a liquidated damages provision in the contract between the two parties. The issue is whether Westar has to prove actual harm, in the form of project delay or damages, as a condition precedent to recovering liquidated damages for Wahlco's late delivery of equipment. Wahlco argues that if Westar does not have to demonstrate that Wahlco's late delivery of equipment caused actual harm to the project, the liquidated damages provision operates as a penalty. Westar contends that the plain language of the contract entitles Westar to liquidated damages regardless of whether Westar suffered actual harm. The parties filed cross-motions for summary judgment on this issue (Docs. 30 and 33). Because the Court finds that the contract language is unambiguous and does not require Westar to demonstrate actual harm, the Court denies Wahlco's motion and grants Westar's motion.

## I.   Factual and Procedural Background

Wahlco and Westar entered into a contract ("Contract") on December 22, 2006 in which Wahlco agreed to manufacture and deliver certain equipment to a construction project ("Project"). The equipment primarily consisted of dampers for Unit 1, Unit 2, and Unit 3 for the Project. The Contract required Wahlco to deliver the equipment by the following dates: (1) latest allowable delivery date for Unit 1: August 29, 2007, (2) latest allowable delivery date for Unit 2: July 29, 2008, and (3) latest allowable delivery date for Unit 3: March 16, 2008. Wahlco completed the delivery for the equipment for Unit 1 on November 15, 2007.[1]

At the time the Contract was executed, Westar anticipated that late delivery of the equipment by Wahlco could result in (1) potentially extended outages that could result in damages of multiple hundreds of thousands of dollars per day; (2) delayed outages that could result in higher energy replacement costs depending on the time of the year; and (3) an altered project schedule that could result in additional material or labor costs.

The Contract contained a liquidated damages provision. The provision stated that time was of the essence in performance and that Westar would sustain damages if Wahlco failed to deliver the equipment by the specified delivery dates. Liquidated damages were Westar's remedy for Wahlco's failure to meet the requirement of delivering the equipment. The Contract stated that Wahlco shall owe Westar a percentage of the contract price every week if Wahlco delivered the equipment past the last allowable date of August 29, 2007. The total Contract price, including all change orders, was $6,229,185.50. Westar withheld $367,511.28 from Wahlco as liquidated damages because of the late delivery of the equipment for Unit 1.

---

[1] The parties appear to dispute whether Wahlco timely delivered part of the Unit 1 equipment. For purposes of this Order, however, it is undisputed that Wahlco delivered the guillotine Unit 1 dampers on November 15, 2007.

In 2011, Wahlco filed a breach of contract action alleging that Westar wrongfully withheld $367,511.28 as liquidated damages.[2] Westar counterclaimed and sought declaratory judgment that Westar did not have to prove actual harm as a condition precedent to recover liquidated damages.[3]

On June 1, 2011, the Court separated the litigation into two phases. Before engaging in full-blown discovery, the parties wanted the Court to resolve the dominant legal question presented in Count I of Westar's counterclaim: its declaratory judgment claim. Thus, the Court requested that the parties simultaneously file cross-motions for summary judgment regarding Count I of Defendant's counterclaim. Those motions are now fully briefed.

## II.  Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5] The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

---

[2] Wahlco also brought a claim under K.S.A. § 16-1801, the Kansas Fairness in Private Construction Act, but this claim is not relevant to the motions currently before the Court.

[3] Westar also brought a breach of contract claim against Wahlco, but this claim is not at issue in these motions.

[4] Fed. R. Civ. P. 56(a).

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[7] *Id.* (citing *Celotex*, 477 U.S. at 325).

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[9] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[10]

### III. Analysis

The issue before the Court is whether Westar must prove actual harm as a condition precedent to recovering liquidated damages under the Contract. Wahlco contends that Westar can only enforce the liquidated damages provision for Wahlco's late delivery of the equipment if Westar can prove that Wahlco's late delivery delayed or harmed the Project.[11] Accordingly, Wahlco asserts that if Westar cannot establish actual harm to the Project, the liquidated damages provision is inapplicable because it would operate as a penalty. Westar argues that under the terms of the Contract, Westar does not have to show that the late delivery actually delayed the Project but only has to demonstrate that Wahlco delivered the equipment late. Thus, if Wahlco's equipment delivery was untimely, Westar can enforce the liquidated damages provision regardless of whether the late delivery harmed the Project. For purposes of this Order, there is no dispute that Wahlco delivered the equipment after the Contract's latest allowable delivery date.

---

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

[10] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[11] The parties have not conducted discovery on whether Wahlco's late delivery actually harmed the Project.

*A.     Plain Language*

Under Kansas law, the construction of a written contract is a question of law for the Court.[12] "The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the contract language without applying rules of construction."[13] Whether a contract is ambiguous is also a question of law for the Court.[14] "Ambiguity in a contract does not appear until two or more meanings can be construed from the contract provisions."[15] If a contract is not ambiguous, the Court must enforce that contract and may not rewrite it.[16]

The liquidated damages provision in the Contract provides, in part:

> Contractor [Wahlco] agrees to pay the liquidated damages as herein provided and, in case the same are not paid, agrees that Owner [Westar] may deduct the amount thereof from any moneys due Contractor under this Contract. Owner may, at its sole discretion, deduct such liquidated damages after the damages become due. If the liquidated damage amount is not deducted from progress payments, then such damages will be deducted from the final payment. In case the amount of liquidated damages due is greater than the final payment, Contractor shall pay difference to Owner.
>
> These liquidated damages contemplated herein are not penalties. In addition to the Warranties provided by Contractor to Owner under this Contract, the liquidated damages contemplated herein are not penalties and are Owner's remedy for Contractor's failure to meet the requirements set forth below. The parties acknowledge that the damages are difficult or impossible to determine, otherwise obtaining an adequate remedy is inconvenient and the liquidated damages constitute a reasonable approximation of the harm or loss to owner.

---

[12] *Wagnon v. Slawson Exploration Co. Inc.*, 255 Kan. 500, 511, 874 P.2d 659, 666 (1994). The parties agree that Kansas law applies in this case.

[13] *Carrothers Constr. Co. v. City of South Hutchinson*, 288 Kan. 743, 751, 207 P.3d 231, 239 (2009).

[14] *Simon v. Nat'l Farmers Org., Inc.*, 250 Kan. 676, 680, 829 P.2d 884, 888 (1992).

[15] *Carrothers*, 288 Kan. at 751, 207 P.2d at 239.

[16] *Patrons Mut. Ins. Ass'n v. Harmon,* 240 Kan. 707, 713, 732 P.2d 741, 746 (1987).

> . . .
>
> (2) Delivery of Equipment. In the event Contractor has not delivered each piece of Equipment and Material with no apparent shipping damage by the latest allowable delivery date indicated in ARTICLE 1 of this Attachment 1; Contractor shall pay Owner one and one half percent (1.5%) of the total Contract Price per week for every week beyond the latest allowable delivery date.
>
> The total liquidated damages for the delay in the Delivery of Equipment shall not exceed ten percent of the total Contract Price.[17]

In the Contract, the parties stated that time was of the essence and that Westar would sustain damages if Wahlco failed to deliver the equipment by the specified dates. The Contract also provides that if Wahlco failed to timely deliver the equipment, Westar could deduct liquidated damages. This language is unambiguous. There is no language requiring Westar to suffer actual delay to the Project nor language requiring Westar to demonstrate that it suffered actual harm. Thus, the plain language of the Contract does not require Westar to demonstrate actual harm as a condition precedent to enforcing the liquidated damages provision. The Court must enforce the provision as written.

### B.     *Penalty*

Despite the plain language of the contract, Wahlco argues that the liquidated damages clause operates as a penalty if the Court does not require Westar to demonstrate that it sustained actual damage or delay to the Project. In *Carrothers Construction Co. v. City of South Hutchinson*,[18] the Kansas Supreme Court discussed the standard for evaluating the enforceability of a liquidated

---

[17] Doc. 31-3, pp. 2-3.

[18] 288 Kan. 743, 207 P.3d 231.

damages provision.[19]  "[I]t is well established that parties may stipulate at the time of contracting to a set damages amount for a breach of that contract, as long as the liquidated damages provision is not a penalty."[20] The distinction between a penalty and liquidated damages is that a penalty "is a security for performance, while a provision for liquidated damages requires a sum certain to be paid in lieu of performance."[21]  The use of the words "liquidated damages" or "penalty" in the contract is given evidentiary weight, and those words are "ordinarily accepted as controlling unless the facts and circumstances impel a contrary holding."[22]

The party objecting to a liquidated damages clause has the burden to demonstrate that the clause is unenforceable.[23] Kansas employs a prospective analysis, or a single-look test, to determine whether a contractual provision is one for liquidated damages or is a penalty.[24] That is, a court must "determine the reasonableness of a liquidated damages clause as of the time the contract was executed, not with the benefit of hindsight."[25]  There are two important considerations in

---

[19] The parties have differing views of the Kansas Supreme Court's position in *Carrothers* with both sides asserting that the case supports their position.

[20] *Id.* at 754, 207 P.3d at 241.

[21] *Id.*

[22] *Beck v. Megli*, 153 Kan. 721, 726, 114 P.2d 305, 308 (1941).

[23] *Carrothers*, 288 Kan. at 755, 207 P.3d at 241 ("By placing the burden of proof on the party challenging a liquidated damages clause, we promote a public policy favoring settlement and avoidance of litigation, and allowing parties to make, and live by, their own contracts.").

[24] *Id.* at 757, 207 P.3d at 243. The Kansas Supreme Court expressly rejected employing a retrospective, or a second-look, analysis in evaluating a liquidated damages provision. *Id*. at 757-58, 207 P.3d at 243-44. *See also Kelly v. Marx*, 705 N.E.2d 1114, 1117 (Mass. 1999) (discussing a liquidated damages provision in the context of the defendant suffering no harm from the plaintiff's breach and finding that the single-look test was better than the second-look test because the second-look test would undo the parties' agreement).

[25] *Id*. at 754, 207 P.3d at 241.

determining whether a liquidated damages provision is unenforceable.[26] The first consideration is that the stipulated amount is conscionable or "reasonable in view of the value of the subject matter of the contract and of the probable or presumptive loss in case of breach."[27] The second consideration is whether the amount of actual damages resulting from the breach would be difficult to ascertain.[28] Thus, the Court does not inquire as to actual damages, or even whether Westar was damaged, because that would require the Court to view the Contract with the benefit of hindsight.

In this case, the Contract provides that the contemplated liquidated damages are not penalties. Wahlco does not present any contrary evidence for the Court not to accept these words as controlling. In addition, the Contract states that "[t]he parties acknowledge that the damages are difficult or impossible to determine, otherwise obtaining an adequate remedy is inconvenient and the liquidated damages constitute a reasonable approximation of the harm or loss to owner."[29] Wahlco agrees that Westar anticipated that late delivery of the equipment by Wahlco would result in potentially unpredictable damages. Furthermore, Wahlco asserts in its briefing that it "is *not* questioning the general enforceability of the liquidated damages provision and is *not* arguing that the negotiated amount is unreasonable, fails to approximate the amount of actual damages that might be caused by delay, or should be recalculated."[30] Wahlco also concedes that if Westar demonstrates

---

[26] *Beck*, 153 Kan. at 726, 114 P.2d at 308.

[27] *Id*.

[28] *Id.*

[29] Doc. 31-3, p. 2.

[30] Doc. 31, p. 5. Wahlco contends that the reasonableness of the liquidated damages provision is not at issue right now and the only question that the Court must answer to determine whether the liquidated damages provision operates as penalty and is unenforceable is whether Westar must demonstrate actual harm as a condition precedent. Wahlco's assertion, however, is contrary to Kansas law because as noted above, the Court employs a prospective test to determine whether a liquidated damages provision is actually a penalty. Thus, the Court must look at the reasonableness of the provision and whether actual damages would be hard to calculate at the time of contracting to

delay to the project, the liquidated damages provision would apply and Westar would not need to prove the amount of actual damages. Again, there is no language in the Contract requiring Westar to demonstrate delay or harm to the Project before enforcing the liquidated damages provision. Furthermore, the liquidated damages provision does not operate as a unenforceable penalty if Westar does not have to demonstrate actual damages because the Court does not view the contract retrospectively when determining whether the clause is a penalty. Accordingly, the Court denies Wahlco's motion for summary judgment and grants Westar's motion for summary judgment.

**IT IS ACCORDINGLY ORDERED** that Wahlco's Motion for Summary Judgment (Doc. 30) is **DENIED**.

**IT IS FURTHER ORDERED** that Westar's Motion for Summary Judgment (Doc. 33) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 20th day of June, 2012.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

determine whether the liquidated damages provision is actually a penalty.