IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAHLCOMETROFLEX, INC.,

    *Plaintiff,*

vs.

WESTAR ENERGY, INC.,

    *Defendant.*

Case No. 11-4017-EFM

**MEMORANDUM AND ORDER**

    This matter is before the Court on Westar Energy, Inc.'s ("Westar") Motion for Summary Judgment (Doc. 53). Westar argues it is entitled to the maximum amount of liquidated damages allowed under the contract between Westar and Wahlcometroflex, Inc. ("Wahlco") because Wahlco failed to deliver equipment by the deadlines agreed upon in the contract. Wahlco argues that Westar must prove that Wahlco's late delivery of equipment resulted in actual harm and that the harm is solely attributable to Wahlco. The Court has previously determined that Westar does not need to prove actual delay or damages as a condition precedent to recovering liquidated damages, and the Court concludes that Wahlco's responsibility for the late delivery of equipment is sufficient for Westar to recover the maximum amount of liquidated damages. Because the Court finds that Westar has demonstrated that it is entitled to the maximum amount of liquidated damages allowed under the Contract, the Court grants Westar's motion.

# I. Factual and Procedural Background[1]

Wahlco and Westar entered into a contract ("Contract") in which Wahlco agreed to manufacture and deliver equipment for Westar's Jeffrey Energy Center FGD Upgrade Project (the "Project") in St. Mary's, Kansas. The equipment primarily consisted of dampers for Unit 1, Unit 2, and Unit 3 of the Project. The total Contract price, including all change orders, was $6,229,185.50.

The Contract required Wahlco to deliver Unit 1 equipment by August 29, 2007; Unit 2 equipment by July 29, 2008; and Unit 3 equipment by March 16, 2008. The Contract also contained a liquidated damages provision which states:

> In the event Contractor has not delivered each piece of Equipment and Material with no apparent shipping damage by the latest allowable delivery date indicated in ARTICLE 1 of this Attachment 1; Contractor shall pay Owner one and one half percent (1.5%) of the total Contract Price per week for every week beyond the latest allowable delivery date.
>
> The total liquidated damages for the delay in the Delivery of Equipment shall not exceed ten percent of the total Contract Price.

The provision further states that liquidated damages "shall be calculated at the end of each calendar month, and an invoice for that month's total calculated liquidated damages will be issued to Contractor." The provision permits Westar to deduct liquidated damages owed from Westar's invoice payment to Wahlco "[i]f Contractor [Wahlco] does not fully compensate Owner [Westar] for invoiced liquidated damages within 30 days of invoice receipt."

Wahlco completed the delivery of Unit 1 equipment on November 15, 2007. On June 18, 2008, Westar informed Wahlco that the Unit 1 delivery was late and that Westar was entitled to the maximum liquidated damages recoverable under the Contract. On July 30, 2008, Westar

---
[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

released payment for three of the Contract milestones and again advised Wahlco that Westar was not waiving its right to assess liquidated damages after all three Units were delivered and operating satisfactorily.

Wahlco delivered the Unit 3 equipment on August 1, 2008, and the Unit 2 equipment on October 3, 2008. On February 13, 2009, Westar provided an itemization of the liquidated damages recoverable under the Contract. On July 22, 2009, Westar informed Wahlco that because Wahlco owed liquidated damages for late delivery of equipment, Westar was withholding the $367,511.28 balance Westar owed Wahlco under the Contract.

Wahlco filed a complaint against Westar, alleging that Westar wrongfully withheld the $367,511.28 balance due. Count I of the complaint alleged breach of contract and Count II alleged Westar violated the Kansas Fairness in Private Construction Act by unreasonably withholding payment due under the Contract. Westar filed a counterclaim against Wahlco. In Count I of the counterclaim, Westar sought a declaratory judgment that Westar did not have to prove actual harm as a condition precedent to enforcing the liquidated damages provision. In Count II of the counterclaim, Westar alleged breach of contract and argued that Westar was entitled to the maximum amount of liquidated damages allowed under the Contract.

The Court separated the litigation into two phases. Before engaging in full-blown discovery, the parties wanted the Court to resolve whether Westar must prove actual harm as a condition precedent to recovering liquidated damages under the Contract. The parties filed cross-motions for summary judgment regarding Count I of Westar's counterclaim. After determining that the Contract did not require Westar to demonstrate actual harm or delay to the

Project before enforcing the liquidated damages provision, the Court granted Westar's Motion for Partial Summary Judgment and denied Wahlco's Motion for Summary Judgment.[2]

Wahlco subsequently filed a Motion for Reconsideration or in the alternative for Certification under 28 U.S.C. Section 1292(b). The Court denied Wahlco's Motion for Reconsideration, noting "[t]he Court believes that it apprehended Wahlco's position when it stated that the issue presented was 'whether Westar ha[d] to prove actual harm, in the form of project delay or damages, as a condition precedent to recovering liquidated damages for Wahlco's late delivery of equipment.'"[3] The Court also denied Wahlco's request for certification.[4]

Westar has filed a Motion for Summary Judgment in which it requests that the Court grant summary judgment for Westar on Wahlco's breach of contract and Kansas Fairness in Private Construction Act claims. Westar also requests that the Court grant summary judgment for Westar on Westar's remaining breach of contract counterclaim. The issues have been fully briefed, and the Court is prepared to rule.

## II. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law."[5] The court must view the evidence and all reasonable inferences in the light most favorable to the

---

[2] *See* Mem. and Order Den. Mot. for Summ. J. and Granting Partial Mot. for Summ. J., Doc. 40, at 6, 9.

[3] Order Den. Mot. for Recons. or in the alternative for Certification, Doc. 50, at 2.

[4] *Id.* at 3.

[5] Fed. R. Civ. P. 56(a).

nonmoving party.[6] The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[7] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[8]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[9] "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[10] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[11]

### III. Analysis

Westar argues that it is entitled to the full amount of liquidated damages allowed under the Contract for Wahlco's late delivery of equipment. Under the liquidated damages provision, if Wahlco did not deliver each piece of equipment by the latest allowable delivery date indicated in the Contract, Wahlco would pay Westar 1.5% of the total Contract price per week for every week the delivery was late. The provision states that the total amount of liquidated damages for late delivery of equipment could not exceed 10% of the total Contract price of $6,229,185.50,

---

[6] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[7] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[8] *Id.* (citing *Celotex*, 477 U.S. at 325).

[9] *Garrison v. Gambro*, *Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[10] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

[11] *White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

making the total cap on liquidated damages $622,918.55. So under these terms, the maximum amount of liquidated damages allowed would be reached after seven weeks of late delivery.

Wahlco argues that Westar is not entitled to liquidated damages unless Westar proves that Wahlco's late delivery of equipment actually delayed the Project. The Court has already addressed this argument in its Order Denying Wahlco's Motion for Summary Judgment and Granting Westar's Motion for Partial Summary Judgment. In the Order, the Court concluded that the Contract did not require Westar to demonstrate actual harm or delay to the Project as a condition precedent to enforcing the liquidated damages provision.[12] In its Order Denying Wahlco's Motion for Reconsideration, the Court again rejected Wahlco's assertion that Westar must prove that there was actual harm in the form of project delays or damages to recover liquidated damages.[13] The Court denies Wahlco's request to consider the condition precedent issue for a third time.

Wahlco next argues that liquidated damages may only be assessed if the Project delays were solely attributable to Wahlco. To the extent Wahlco is arguing Westar must prove Wahlco was solely responsible for delays to the Project, the Court has already addressed this issue. Westar does not have to prove the Project was actually delayed in order to recover liquidated damages. The Court has not previously addressed whether Wahlco was solely responsible for the delay in the delivery of equipment.

The parties dispute whether Westar agreed to an extension of the Unit 1 delivery deadline. The Court, however, does not need to address whether Unit 1 equipment was timely

---

[12] Order Den. Wahlco's Mot. for Summ. J. and Granting Westar's Mot. for Partial Summ. J., Doc. 40, at 6, 9.

[13] Order Den. Mot. for Recons., Doc. 50, at 2.

delivered because Westar can reach the maximum amount of liquidated damages allowed without taking into account the delivery of Unit 1 equipment. Wahlco admits that the Unit 2 equipment was delivered on October 3, 2008, which is nine weeks after the July 29, 2008 deadline under the Contract. Wahlco also admits that the Unit 3 equipment was delivered on August 1, 2008, which is nineteen weeks after the March 16, 2008 deadline under the Contract. Altogether, Wahlco was twenty-eight weeks late in its delivery of Unit 2 and Unit 3 equipment, well beyond the seven weeks required to reach the maximum amount of liquidated damages.

Wahlco fails to present any evidence that Westar extended the delivery deadline for Unit 2 and Unit 3 equipment. Wahlco also fails to cite any evidence that Westar or others involved in the Project caused delays that kept Wahlco from being able to timely deliver the Unit 2 and Unit 3 equipment. Accordingly, the Court finds that Wahlco was solely responsible for the late delivery of the Unit 2 and Unit 3 equipment.

Finally, in its Motion for Summary Judgment, Westar argues that even if it failed to send Wahlco a monthly invoice for the liquidated damages assessed, Westar is not prevented from recovering liquidated damages because the alleged breach did not substantially defeat the purpose of the agreement. The liquidated damages provision states that liquidated damages "shall be calculated at the end of each calendar month, and an invoice for that month's total calculated liquidated damages will be issued to Contractor." Westar argues that Wahlco knew the delivery of the equipment was late and that Westar notified Wahlco that it reserved its right to assess the maximum amount of liquidated damages permitted under the Contract.

Wahlco only addresses the notification issue in the facts section of its brief when it admits that Westar sent several correspondence regarding liquidated damages but denies that the

correspondence satisfies Westar's notice obligation under the Contract.[14] Wahlco fails to respond to Westar's argument that Westar may still recover liquidated damages even if it failed to send an invoice. Notably, Wahlco never even argues that Westar is precluded from recovering liquidated damages because of Westar's alleged failure to satisfy its notice obligation.

Westar did notify Wahlco on June 18, 2008, and July 30, 2008, that Westar reserved its right to assess liquidated damages. Even if the liquidated damages could be calculated only from the date of the notifications forward, the notifications occurred at least nine weeks before the October 3, 2008 late delivery of Unit 2 equipment—and only seven weeks of late delivery are necessary to recover the full amount of liquidated damages. Westar also provided an itemization of liquidated damages on February 13, 2009, and informed Wahlco that it was withholding the balance due under the Contract to recover a portion of the liquidated damages Wahlco owed. Given Wahlco's failure to argue the notification issue, the Court concludes that Westar substantially complied with the notification requirement. Any alleged failure of Westar to send a monthly invoice of liquidated damages assessed does not defeat the purpose of the liquidated damages provision and does not preclude Westar from recovering liquidated damages.[15]

---

[14] *See* Mem. in Opp'n to Westar's Mot. for Summ. J., Doc. 56, at 2-3. Wahlco incorporates by reference its Memorandum in Support of Summary Judgment (Doc. 31), Memorandum in Opposition to Westar's Motion for Partial Summary Judgment (Doc. 38), Memorandum in Support of Motion to Alter or Amend Judgment (Doc. 44), Memorandum in Support of Motion for Reconsideration (Doc. 47, and Reply in Support of Motion for Reconsideration (Doc. 49). *See id.* at 2. The Memorandum in Support of Summary Judgment mentions Westar's failure to send notification of liquidated damages assessed in the facts section but never addresses the notification issue in the argument section of the brief and never argues that failure to notify precludes Westar from recovering liquidated damages.

[15] Under Kansas law, the discharge of obligations under a contract does not arise from every prior breach. *See In re Johnson's Estate*, 452 P.2d 286, 292 (Kan. 1969) (noting that "[t]o warrant rescission, the breach must be material and the failure to perform so substantial as to defeat the object of the parties in making the agreement. A breach which goes to only a part of the consideration, which is incidental and subordinate to the main purpose of a contract, does not warrant a rescission").

**IT IS ACCORDINGLY ORDERED** this 25th day of October, 2013, that Westar's Motion for Summary Judgment (Doc. 53) is hereby **GRANTED**. The Court orders Wahlco to pay Westar $255,407.27, the difference between the maximum amount of liquidated damages allowed under the Contract ($622,918.55) and the amount of money Westar withheld from Wahlco to cover liquidated damages ($367,511.28).

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE