IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WAHLCOMETROFLEX, INC., )
)
        *Plaintiff*, )
)
v ) Case No. 11-4017-EFM
)
WESTAR ENERGY, INC. )
)
        *Defendant*. )
_____)

**MEMORANDUM AND ORDER**

Wahlcometroflex, Inc. ("Wahlco") and Westar Energy, Inc. ("Westar") entered into a contract wherby Wahlco agreed to deliver items to Westar by specified dates certain. The contract contained a liquidated damages clause which was capped at ten percent of the total contract price. The specified dates were not met, and Westar withheld some payments otherwise due Wahlco upon its claim for the liquidated damages due it. Following unsuccessful negotiations, Wahlco filed a complaint against Westar seeking payment of the amounts withheld, and Westar filed a counterclaim against Wahlco for the maximum amount of liquidated damages allowed under the contract. The Court ultimately granted summary judgment in favor of Westar, denying Wahlco's claim for repayment of the amounts withheld, and ordering Wahlco to pay the balance owing under the liquidated damages clause. Further details may be found in the Court's earlier order.

Westar now moves to amend the judgment to award it prejudgment interest on the balance of the amount the Court ordered paid to it beyond the amount previously withheld. Specifically, Westar seeks prejudgment interest on the amount of $255,407.27, at the rate of ten

percent[1] from January 6, 2010; the date Westar notified Wahlco that the remaining amount of liquidated damages were due.

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.[2] The Court will reconsider an early judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[3] In other words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[5]

The court has discretion whether to award prejudgment interest, based upon its determination of whether interest would serve to compensate the injured party and whether the equities of the case preclude an award of such interest.[6] In its motion for summary judgment, which this Court granted, Westar requested that the court "order Wahlco to pay Westar the $255,407.27 in liquidated damages still owed."[7] In other words, Westar did not originally request the Court award it prejudgment interest. At no point in its motion or memorandum did

---

[1] K.S.A. § 16-201 provided that creditors shall be allowed to receive interest at the rate of ten percent per annum when no other rate of interest is agreed upon. In a diversity case, a federal court applies state law regarding prejudgment interest. *Strickland Tower Maint., Inc. v. AT & T Communications, Inc.*, 128 F.3d 1422, 1429 (10th Cir. 1997).

[2] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[3] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[5] *Trackwell v. United States Government*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012).

[6] *Caldwell v. Life Ins. Co. of North America*, 287 F.3d 1276, 1286 (10th Cir. 2002).

[7] Memorandum in Support of Wetar Energy, Inc.'s Motion for Summary Judgment, Doc. 54, p. 10.

Westar request that any rate of prejudgment interest, measured from any point in time, be included in the judgment. Moreover, the Court notes that its order awarded Westar the maximum amount of liquidated damages available under the contract, and further notes that the contract is silent as to the issue of additional damages in the form of interest for delayed payment of the liquidated damages amount. Under the standards of Rule 59(e), the Court finds it inappropriate and untimely for that request, not previously made, argued or briefed, to be made and considered now.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Alter the Judgment (Doc. 67) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of December, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE